**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CR-540 CAS |
| | ) | |
| CURTIS WALKER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This closed criminal matter is before the Court on defendant Curtis Walker's pro se motion for nolle prosequi. Defendant asks that the Court issue an order compelling a Missouri Circuit Court to dismiss a criminal charge against him. The government opposed the motion, and the motion is ripe for review.

Defendant has provided no legal authority that would allow for the Court to interfere with the state's prosecution. As an initial matter, the Court does not have the authority to enter a nolle prosequi. A nolle prosequi indicates that the prosecutor "will no longer prosecute a pending criminal charge." Kilgore v. State, 70 S.W.3d 621, 623 (W.D.Mo. 2001) (citing State v. Flock, 969 S.W.2d 389, 389 (W.D.Mo. 1998)). Under Missouri law, only the prosecutor has the authority to file a motion for nolle prosequi. See State ex rel. Griffith v. Smith, 258 S.W.2d 590, 593 (Mo. 1953) (overruled on other grounds in State v. Honeycutt, 96 S.W.3d 85, 89 (Mo. 2003)).

Even if the Court were to construe defendant's motion as a motion for the entry of an injunction against Missouri's state court staying the prosecution, defendant has not alleged that there are circumstances present in this case to justify such an extreme remedy. With his motion, defendant

is asking that the Court violate the principles of federalism and interfere with a state prosecution.

As stated in Cameron v. Johnson, 390 U.S. 611, 618 (1968):

> Federal interference with a State's good-faith administration of its criminal laws is peculiarly inconsistent with our federal framework and a showing of special circumstances beyond the injury incidental to every proceeding brought lawfully and in good faith is requisite to a finding of irreparable injury sufficient to justify the extraordinary remedy of an injunction.

390 U.S. at 618. See also Barber v. State of Ark, 429 F.2d 20 (8th Cir. 1970) (affirming district court's denial of injunction to halt prosecution in state court). In this case, defendant has alleged no special circumstances "that would call for the interposition of a court of equity to prevent irreparable injury which is clear and imminent." Id. at 22.

Twenty-eight U.S.C.A. § 2283 also provides a separate and independent ground for denying defendant's motion. The statute reads:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

There is nothing in defendant's motion indicating that any of the exceptions to the statutory prohibition against enjoining state court proceedings are present here.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for nolle prosequi is **DENIED.** [Doc. 49]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   11th   day of July, 2011.

2